**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ANDREA LASHAWN CRAWFORD,
  Plaintiff,

              v.

AMAZON HGA6 and
AMAZON.COM SERVICES LLC,
  Defendant.

Civil Action No.
1:24-cv-05076-SDG-RDC

## OPINION AND ORDER

This matter is before the Court on the Non-Final Report and Recommendation (R&R) of United States Magistrate Judge Regina D. Cannon [ECF 15], which recommends that the motion to dismiss filed by Defendant Amazon.com Services LLC (Amazon) [ECF 10] be granted. Amazon filed objections [ECF 17]. After careful consideration, Amazon's objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

## I.  Applicable Legal Standard

A party challenging a R&R issued by a United States magistrate judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

1

objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "'[f]rivolous, conclusive, or general objections need not be considered by the district court.'" *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

When a litigant chooses to proceed *pro se*, her pleading is "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation omitted); *see also Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding

that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## II.    Discussion

The factual and procedural background of this case are fully set out in the R&R.[1] Amazon objects to the R&R's recommendation of dismissal *without* prejudice, arguing that dismissal should be *with* prejudice.[2] Its objection is based on two grounds: (1) "the Georgia's Workers' Compensation Act (GWCA) provides the exclusive remedy for Plaintiff's claims, insofar as Plaintiff seeks compensation for a workplace injury"; and (2) "there are no facts that would justify equitably tolling the statute of limitations on Plaintiff's ADA claims."[3] Undersigned will address each of Amazon's objections in turn.

---

[1]    ECF 15, at 2-3.

[2]    ECF 17, at 1–2.

[3]    *Id.* at 2–3.

**A.    Crawford's ADA claims are not barred by the exclusive remedy provision of the GWCA.**

Amazon argues in its first objection that Crawford's claims are barred by the GWCA, which provides an exclusive remedy for employees seeking recovery for a workplace injury arising out of and in the course of their employment.[4] It is true that the GWCA provides an exclusive remedy provision for common law tort claims arising out of workplace injuries, *see* O.C.G.A. § 34-9-11(a), but Crawford did not bring a common law tort claim. Amazon essentially asks the Court to interpret Crawford's claim as being one for a workplace injury,[5] despite her Complaint specifying that it is being brought under the ADA."[6] When viewed in the light most favorable to Crawford, the Complaint alleges an ADA claim. Crawford states she informed her Operation Manager about her work restrictions but was nevertheless made to "perform duties like operate equipment and lift

---

[4]    *Id.* at 5.

[5]    *Id.* at 5–6. To the extent that Amazon cites *Palmer v. Ga. Insurers Insolvency Pool*, 361 Ga. App. 803, 807 (Ga. Ct. App. 2021) to argue that an ADA claim should be considered an "ancillary matter" within the jurisdiction of the State Board of Workers' Compensation, the argument is unavailing. First, as already discussed, undersigned declines to interpret the Complaint as raising a common law claim when it does not explicitly do so; this alone is enough to reject Amazon's "ancillary matter" argument. But second, nothing in *Palmer* suggests that the Board's "jurisdiction to resolve ancillary issues relating to the determination of an employee's rights under the Workers' Compensation Act," *id.* at 807, would prohibit a federal court from deciding an ADA claim that is pled in addition to a common law tort claim.

[6]    ECF 3, at 1, 7.

heavy materials, [which were] outside of [her] work restrictions."[7] She further states that Amazon "accommodate[d] others with disabilities and work restrictions" but did not make similar accommodations for her.[8] Crawford says she was "terminated the very next day" after complaining to her Operation Manager that "it wasn't fair that they were not accommodating [her] Doctor's restrictions" while accommodating other employees.[9] Undersigned declines to interpret Crawford's Complaint as asserting anything other than an ADA claim. Accordingly, Amazon's first objection is overruled.

**B.    Crawford should be allowed to file an amended complaint as to her ADA claim.**

Amazon argues in its second objection that Crawford should not be allowed to amend her complaint because it is untimely — she failed to file her lawsuit within 90 days of receiving her right-to-sue letter from the EEOC.[10] Crawford appears to have received her right-to-sue letter on August 6, 2024 but did not file her Complaint until November 5, 2024 — one day after the filing window closed.[11]

---

[7]    *Id.* at 7.

[8]    *Id.*

[9]    *Id.*

[10]    ECF 17, at 6–7.

[11]    ECF 3, at 11–12.

While a plaintiff must file suit within 90 days of receiving a right-to-sue letter from the EEOC, *see* 42 U.S.C. § 2000e-5(f)(1), equitable tolling allows courts to "toll statutes of limitations, but only upon finding an inequitable event that prevented plaintiff's timely action." *Just. v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). The R&R recognizes that the Complaint as pled is subject to dismissal for untimeliness.[12] The R&R does not foreclose the possibility that the claims, even after being repled, could be dismissed for untimeliness; rather, it recommends giving Crawford, a *pro se* plaintiff, the opportunity to replead to explain why equitable tolling might be applicable.[13]

Undersigned agrees with this approach. In *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003), the district court dismissed plaintiff's claim as time-barred; on appeal, the Eleventh Circuit reversed in part on the ground that dismissal must be without prejudice. It did so even though the plaintiff "pointed [the Court] to no particular reason why the statute of limitations might be tolled in his case, and [the Court could] discern none from the record." *Id.* Nevertheless, the Eleventh Circuit concluded that "if [the plaintiff] is able to plead facts that would support a finding that the statute of limitations has been tolled, he should be granted leave to amend his complaint." *Id.* That is what the R&R does here; it merely gives the *pro se*

---

[12]   ECF 15, at 9.

[13]   *Id.*

plaintiff an opportunity to plead facts that might allow the Court to find that the statute has been or should be tolled. Accordingly, Amazon's second objection is overruled.

### III.    Conclusion

Amazon's objections to the R&R [ECF 17] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 15] as the Order of this Court. Amazon's motion to dismiss [ECF 10] is **GRANTED**. Crawford's ADA retaliatory termination and failure-to-accommodate claims are **DISMISSED without prejudice**, but her Title VII claim is **DISMISSED with prejudice**. Crawford may file an amended complaint **within 21 days** of this Order. The amended complaint must follow the instructions set forth in the R&R. If Crawford does not file an amended complaint within 21 days, her ADA claims will be considered dismissed with prejudice.

The Clerk is **DIRECTED** to refer this matter back to Judge Cannon for further proceedings.

**SO ORDERED** this 31st day of March, 2026.

_____
Steven D. Grimberg
United States District Judge

7